IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**CHAFFORD INDUSTRIES, L.L.C.,**

    Plaintiff,

v.                                                              CIVIL ACTION NO. 3:03-CV-2
                                                                 (BAILEY)

**ABERDEEN ACRES, INC.,**
Trading As:
**KERNSTOWN CROSSING**
and
**CHERYL L. ANDERSON,**

    Defendants.

## MEMORANDUM ORDER GRANTING DEFENDANTS' MOTION TO SET ASIDE DEFAULT JUDGMENT

Pending before this Court is the Defendants' Motion to Set Aside Default Judgment [Doc. 23] filed March 8, 2005. This action was filed on January 3, 2003, in this Court, seeking damages for alleged breach of contract and tortious interference with business opportunity in connection with the design and construction of a veterinary facility to be located in Frederick County, Virginia. Process was personally served on the defendants on January 3, 2003. The defendants filed their *pro se*[1] Motion to Dismiss [Doc. 4] on February 24, 2003, which this Court denied on May 27, 2003. Following that Order, on June 19, 2003, the plaintiff filed its Motion for Judgment by Default [Doc. 10], which rested upon the defendants' failure to respond to the Complaint.

---

[1] The defendants were not represented by counsel in this action until the filing of the instant motion. Ms. Anderson showed the Complaint to a Virginia attorney, who helped her draft the defendants' motion to dismiss.

1

Pursuant to the Magistrate Judge David Joel's Order That Defendant Respond to Motion For Default Judgment, dated December 19, 2003 [Doc. 12], the *pro se* defendants were directed to file a response to the plaintiff's Motion for Judgment by Default within twenty days of its receipt. The magistrate judge further directed the Clerk to "send true copies of this order to defendants via certified mail, return receipt requested." *See* [Doc. 12]. By Order entered March 9, 2004 [Doc. 13], judgment by default was granted against the defendants for their failure to timely respond within those twenty days.

In Defendants' Motion to Set Aside Default Judgment [Doc. 23], the defendants assert that they never received the Motion for Default Judgment or the magistrate judge's Order That Defendant Respond to Motion For Default Judgment. Accordingly, she assumed - incorrectly - that her motion to dismiss had been granted. The defendants' claim that the only document they received after service of the Complaint was a letter from Mr. Becker dated June 11, 2003, which informed the defendants that the motion to dismiss was in fact denied by Order dated May 27, 2003, and that her answer to the Complaint was due by June 16, 2003. At that point, Ms. Anderson wrote to Mr. Becker to inform him that counsel advised her to file for bankruptcy because her assets were depleted. It was during this period that the plaintiff moved for default judgment, which was ultimately granted since the defendants failed to respond.

The defendants claim that it was not until August of 2004, when Ms. Anderson received notice of Judgment/collection in Virginia, that they received notice of any of the above proceedings. Upon receiving this information, Ms. Anderson contacted attorney Tommy Andrews, who reviewed her case and, on or about November 8, 2004, told her that he could no longer represent her. Ms. Anderson then contacted the Virginia attorney who

originally assisted her in drafting her motion to dismiss. She asked him for a recommendation for a bankruptcy attorney. After several weeks, he referred her to the law firm of Bowles, Rice, McDavid, Graff & Love. When she decided she could not afford this firm, Ms. Anderson contacted and retained her current counsel, and the defendants filed the instant motion.

"Rule 60(b)(1), Fed.R.Civ.P., allows district courts to relieve parties of final judgments upon a showing of mistake, inadvertence, surprise, or excusable neglect." **Smith v. APAC Carolina, Inc.**, 861 F.2d 266 (4th Cir. 1988). Rule 60(b)(6) additionally provides for relief for "any other reason that justifies relief." "[T]he language of the 'other reason' clause, for all reasons except the five particularly specified, vests power in courts adequate to enable them to vacate judgments whenever such action is appropriate to accomplish justice." **Klapprott v. U.S.**, 335 U.S. 601, 614-615 (1949). Pursuant to F.R.Civ.P 60(c)(1), "[a] motion under Rule 60(b) must be made no more than a year after the entry of the judgment or order or the date of the proceeding."

In **Smith v. APAC Carolina, Inc.**, 861 F.2d 266, the Fourth Circuit vacated the district court's judgment of default against the petitioner who never received any mail from the court because he was incarcerated. The Court granted the Rule 60(b) motion, citing excusable neglect. Similarly, the defendants in this case claim that they did not receive several of this Court's Orders. No evidence exists to refute this contention. Rather, there is an overwhelming absence of such evidence. First, the docket does not reflect that the magistrate judge's Order That Defendant Respond to Motion For Default Judgment [Doc. 12] was sent by certified mail, return receipt requested, as was directed by the Order. This

Court can only reach the conclusion that the Clerk's office failed to do so.  Furthermore, Ms. Anderson has testified and signed a sworn affidavit to the effect that she never received any of the relevant correspondence.  Finally, the plaintiff can produce no evidence that Ms. Anderson ever accepted any of the relevant correspondence.

Therefore, it is this Court's opinion that the mail has been mistakenly misplaced due to circumstances unknown.  Further, the Court finds that, given the circumstances, the *pro se* defendants' neglect in failing to remain involved in the case pending against them is excusable.  Accordingly, the Court finds that justice will best be served by granting the motion to set aside the default judgment and by reaching the merits of this case.

Based upon the foregoing, it is clear that the Defendants' Motion to Set Aside Default Judgment [Doc. 23], should be, and the same hereby is, **GRANTED**.  Accordingly, this case is hereby **ORDERED** re-opened for further proceedings.  As such, a telephonic scheduling conference is now set for April 4, 2008, at 4:00 p.m.

It is so **ORDERED**.

The Clerk is hereby directed to transmit copies of this Order to counsel of record herein.

**DATED:** February 22, 2008.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE

4